Opinion issued May 19, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00692-CR




EARL SEAN SPIELMAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Criminal Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1215093




MEMORANDUM OPINION

          The State charged appellant, Earl Sean Spielman, with committing the
misdemeanor offense of unlawfully carrying a handgun by a license holder. See Tex.
Pen. Code Ann. § 46.035(a) (Vernon 2003). A jury found him guilty of the offense,
and the trial court assessed his punishment at one year of community supervision. In
three points of error, appellant argues that (1) the evidence is legally and factually
insufficient and (2) the trial court erred by admitting hearsay testimony. We affirm.
Background
          On December 4, 2003, Alice Holt drove her two children, Chaunetta and Chad,
to a local Social Security office. After parking in a reserved space in a parking
garage, Holt left Chaunetta and Chad in the car while she went into the Social
Security office. Chad was in the front seat, and Chaunetta was in the back seat,
sleeping. Shortly thereafter, appellant arrived in his car to find his parking space
occupied by Holt’s car. Appellant approached the car and demanded that Chad move
the car. Chad, who did not have a driver’s license, woke up Chaunetta, who had been
sleeping in the back seat. Chaunetta testified that, as she got out of the car, she told
appellant that she would move it. Appellant returned to his car and got in briefly. He
then got out of his car and moved toward Chaunetta, making threatening remarks. As
appellant approached, Chaunetta noticed that he had his hand in his right pocket. She
saw appellant pull out his handgun far enough from his pocket so that she knew it
was a handgun. Chad testified that, because he was worried about Chaunetta’s safety,
he got out of the car and started to approach appellant. Chaunetta restrained him and
told him that appellant had a handgun. Chad also testified that he saw the black
handle of the handgun sticking out of appellant’s pocket and saw appellant grab it and
state, “You gonna assault me? Come on, come on. Move in closer.” Chaunetta said
that she too saw appellant grab the handgun again. The episode ended when a
security officer arrived at the scene. Two other persons who witnessed the incident
in the garage heard words being exchanged between appellant, Chaunetta, and Chad. 
These witnesses testified that appellant kept his hand in his right pocket and they did
not see a gun. One witness also testified that she did not hear appellant mention
having a gun.
Analysis
          Legal Sufficiency
          In his first point of error, appellant argues that the evidence is legally
insufficient to support the verdict. Specifically, appellant argues that the evidence
does not show that he intentionally failed to conceal the handgun. Rather, he
contends that he inadvertently showed the handgun.
          When reviewing legal sufficiency of the evidence to support a verdict, we view
all of the evidence in the light most favorable to the verdict, asking whether any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979).
          The jury found appellant guilty of unlawfully carrying a handgun by a license
holder. See Tex. Pen. Code Ann. § 46.035(a). Section 46.035(a) provides,
A license holder commits an offense if the license holder carries
a handgun on or about the license holder’s person under the
authority of Subchapter H, Chapter 411, Government Code, and
intentionally fails to conceal the handgun. 

Id. A person acts intentionally, or with intent, with respect to the nature of his
conduct or to a result of his conduct when it is his conscious objective or desire to
engage in the conduct or cause the result. Tex. Pen. Code Ann. § 6.03(a) (Vernon
2003). 
          The State had the burden to show that appellant intentionally failed to conceal
his handgun. The evidence shows that Chaunetta saw appellant pull a handgun from
his pocket. She could not see the entire handgun, but she saw enough of it to
recognize that it was a handgun. She testified that she saw the handgun on two
occasions. Chaunetta’s brother, Chad, also testified he could see a handgun in
appellant’s right pocket. Chad testified that he saw appellant grab the handle of the
handgun, which was black. Based on this evidence, we conclude that a rational trier
of fact could conclude that appellant intentionally failed to conceal his handgun. 
          We overrule appellant’s first point of error.
          Factual Sufficiency
          In his second point of error, appellant argues that the evidence is factually
insufficient to support the verdict. Similarly to his argument under his first point of
error, appellant argues that the evidence is factually insufficient to show that he
intentionally failed to conceal his handgun. He points out that no eyewitnesses
testified that he made any express mention of the handgun or that he produced and
aimed the handgun at Chaunetta. Thus, he argues that his act of showing the handgun
was inadvertent. 
          In a factual sufficiency review, we view all the evidence in a neutral light and
set the verdict aside only if the evidence is so weak that the verdict is clearly wrong
and manifestly unjust or the contrary evidence is so strong that the standard of proof
beyond a reasonable doubt could not have been met. Escamilla v. State, 143 S.W.3d
814, 817–18 (Tex. Crim. App. 2004). In conducting a factual sufficiency review, we
must discuss the evidence that appellant asserts is most important in allegedly
undermining the jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003). We must not substitute our judgment for that of the factfinder. Zuniga
v. State, 144 S.W.3d 477, 481–82 (Tex. Crim. App. 2004). Unless the available
record clearly reveals that a different result is appropriate, we must defer to the
factfinder’s determination concerning the weight given contradictory testimonial
evidence because resolution often turns on an evaluation of credibility and demeanor. 
Johnson v. State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000).
          An appellant’s intent to commit an offense generally must be established by
circumstantial evidence and may be inferred from appellant’s acts, words, and
conduct. Hernandez v. State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991). The
evidence in this case shows that (1) Chaunetta and Chad testified that appellant
removed his handgun far enough out of his pocket so that they could determine that
it was a handgun; (2) appellant used a rough voice in speaking to Chaunetta and
Chad; and (3) appellant yelled obscenities at Chaunetta and Chad. Specifically,
Chaunetta testified that, when he approached her, appellant stated, “You scum of the
earth. Why are you even here. That’s my parking space. I paid - - I paid money for
that parking space. . . . Why don’t you people go back to where you came from?”
Chad also testified that, as appellant was holding the handgun in his pocket, appellant
stated, “You gonna assault me? Come on, come on. Move in closer.”
          The evidence also shows that two witnesses testified that they did not see a
gun. Chaunetta and Chad both testified, however, that they saw appellant partially
pull out a gun from his right pocket. A jury has the sole province of deciding what
weight to give contradictory testimony because its decision turns on the evaluation
of demeanor and credibility. Cain v. State, 958 S.W.2d 404, 408–09 (Tex. Crim.
App. 1997). A jury’s verdict is not manifestly unjust when it resolves conflicting
views in favor of the State. Id. at 410. It is clear by the verdict that the jury chose to
give more weight to Chaunetta’s and Chad’s testimony. 
          Although appellant did not point the handgun at Chaunetta or specifically refer
to the handgun, the jury could have reasonably believed that appellant’s act of
partially removing the handgun from his pocket, together with his conduct and words,
demonstrated that he intentionally failed to conceal his handgun. Based on all the
evidence presented, we conclude that the evidence is factually sufficient to support
the verdict. 
          We overrule appellant’s second point of error.
          Hearsay
          In his third point of error, appellant argues that the trial court admitted
inadmissible hearsay testimony. Specifically, appellant argues that the trial court
erred in admitting Officer Vo’s testimony that repeated Chaunetta’s statements that
appellant had purposefully revealed his handgun to her. Appellant objects to the
following testimony:
She said he pulled out a gun and showed it to her. Showed it out
from his front pocket, front right pocket. He didn’t pull it out all
the way, but he pulled it partially out where—where her brother
and her can see his hand on his—his finger on the trigger. 

          Appellant objected to Officer Vo’s testimony on hearsay grounds. On appeal,
appellant argues that the State sought to admit this testimony under the excited
utterance exception to the hearsay rule. See Tex. R. Evid. 803(2), 802. Appellant
argues that this testimony was not an excited utterance because the record fails to
show that Chaunetta was still excited at the time she spoke with Officer Vo. 
          In determining whether a trial court erred in admitting evidence, the standard
for review is abuse of discretion. Mozon v. State, 991 S.W.2d 841, 846–47 (Tex.
Crim. App. 1999). “A trial court abuses its discretion when its decision is so clearly
wrong as to lie outside that zone within which reasonable persons might disagree.”
Foster v. State, 909 S.W.2d 86, 88 (Tex. App.—Houston [14th Dist.] 1995, pet.
ref’d).
          An excited utterance, which is a “statement relating to a startling event or
condition made while the declarant was under the stress of excitement caused by the
event or condition,” is not excluded by the hearsay rule. Tex. R. Evid. 803(2). To
qualify as an excited utterance, the following criteria must be met: (1) the statement
must be the product of a startling event; (2) the declarant must be dominated by the
emotion, excitement, fear or pain of the event; and (3) the statement must relate to the
circumstances of the startling event. See Jackson v. State, 110 S.W.3d 626, 633 (Tex.
App.—Houston [14th Dist.] 2003, pet. ref’d) (citing McFarland v. State, 845 S.W.2d
824, 846 (Tex. Crim. App. 1992)).
          Appellant argues that the record fails to show that Chaunetta was still excited
at the time she spoke with Officer Vo. Appellant asserts that, after the confrontation
between appellant and Chaunetta occurred, the following events took place: (1)
Officer Vo separated Chaunetta and appellant; (2) appellant moved his vehicle; (3)
Chaunetta reparked her vehicle; (4) appellant parked his vehicle; and (5) appellant
left the garage and went to his office.
          The lapse of time between the event and declaration, and whether the statement
is made in response to a question, are considerations in determining whether the
statement is admissible as an excited utterance, but they are not dispositive. Lawton
v. State, 913 S.W.2d 542, 553 (Tex. Crim. App. 1995). The critical factor is whether
the emotions, excitement, fear, or pain of the event still dominated the declarant at the
time of the statement. Zuliani v. State, 97 S.W.3d 589, 596 (Tex. Crim. App. 2003). 
If the statement is made while the declarant is still in the grip of emotion, excitement,
fear, or pain and the statement relates to the exciting event, it is admissible even after
an appreciable amount of time has elapsed. Penry v. State, 691 S.W.2d 636, 647
(Tex. Crim. App. 1985); Jones v. State, 772 S.W.2d 551, 555 (Tex. App.—Dallas
1988, pet. ref’d).
          Here, the record does not reflect how much time passed after the confrontation
between appellant and Chaunetta. However, Officer Vo testified that Chaunetta was
very, very upset and had tears coming down her face. Moreover, on cross-examination, Chaunetta testified that she was emotional when she spoke to the
security officer. We conclude that Officer Vo’s testimony as to Chaunetta’s statement
after her confrontation with appellant satisfied the excited utterance exception to the
hearsay rule. See Tex. R. Evid. 803(2). The trial court did not abuse its discretion
in admitting Officer Vo’s testimony.
          We overrule appellant’s third point of error.
 
 
 
Conclusion 
          We affirm the judgment of the trial court.
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.